# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

| | |
|---|---|
| **DANIEL B. STEWART, JR.,** ] | |
| ] | |
| **Plaintiff,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.:** |
| ] | **4:12-CV-2295-VEH** |
| **HONDA MANUFACTURING OF** ] | |
| **ALABAMA,** ] | |
| ] | |
| **Defendant.** ] | |

## MEMORANDUM OPINION

### I. INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Daniel B. Stewart, Jr. ("Mr. Stewart") is proceeding *pro se* in this lawsuit. On January 16, 2013, Defendant filed a Motion To Compel (Doc. 16) relating to several discovery deficiencies on the part of Mr. Stewart. Despite the briefing schedule set out in appendix III to this court's uniform initial order (Doc. 3) entered on July 30, 2012, Mr. Stewart never responded to Defendant's Motion To Compel.

Accordingly, on February 20, 2013, this court granted Defendant's Motion To Compel, and entered an order compelling Mr. Stewart to provide to Defendant, no later than March 6, 2013, his Rule 26(a) initial disclosures as well as more complete responses to Defendant's interrogatories and requests for production of documents.

(Doc. 17 at 2). Further, within this compulsion order, the court expressly advised Mr. Stewart:

> **The court further cautions Mr. Stewart that if he does not adequately and timely address the outstanding discovery issues identified in this order, then he risks a dismissal of his lawsuit with or without prejudice for lack of prosecution due to his non-compliance with the court's orders, rules, and other applicable requirements**.

(Doc. 17 at 2).[1]

Now pending before the court is Defendant's Motion To Dismiss Plaintiff's Complaint for Failure To Prosecute and Non-Compliance with Court Order (Doc. 19) (the "Motion") filed on March 11, 2013. The Motion, brought pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure, seeks to dismiss Mr. Stewart's claims with prejudice due to his failure to meet his discovery obligations and adhere to the court's compulsion order. (Doc. 19 at 1; *id.* at 3 ¶¶ 7, 9).

**II. ANALYSIS**

As the Motion substantiates, Mr. Stewart has neither rectified the overdue discovery matters that are contained in the compulsion order nor sought additional time from this court to in which to satisfy such requirements. (Doc. 19 at 3 ¶¶ 7-8). The Federal Rules of Civil Procedure authorize this court to dismiss a currently

---

[1] CM/ECF reflects that Mr. Stewart received a copy of the court's compulsion order via certified mail delivery on February 23, 2013. (Doc. 18 at 1).

pending action when the record demonstrates a plaintiff's unwillingness to cure ongoing discovery deficits.

More specifically, under Rule 37(b)(2)(A)(v), "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. . . . [including] dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. P. 37(b)(2)(A)(v); *cf. Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993) ("[D]ismissal [under Rule 37] may be appropriate when a plaintiff's recalcitrance is due to wilfulness, bad faith or fault." (citing *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 96 S. Ct. 2778, 49 L. Ed. 2d 747 (1976))). Additionally, pursuant to Rule 41(b), a defendant may move for the dismissal of an action for the failure of a plaintiff to prosecute or to comply with the Federal Rules of Civil Procedure or with any order of the court. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").[2]

Case law also reinforces that, as a result of Mr. Stewart's failure to comply with

---

[2] Pursuant to Rule 41(b), such a dismissal is customarily treated as an adjudication upon the merits. *See* Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.").

this court's order compelling him to meet his discovery obligations owed to Defendant, the court possesses the inherent power to dismiss this case. *See Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); *see also Goforth v. Owens,* 766 F.2d 1533, 1535 (11th Cir. 1985) ("The court's power to dismiss is an inherent aspect of its authority to enforce its orders and insure prompt disposition of lawsuits." (citing *Link*, 370 U.S. at 630-31, 82 S. Ct. at 1388-89)); *Gratton v. Great American Communications*, 178 F.3d 1373, 1374 (11th Cir. 1999) (recognizing that court has broad authority under Rule 37 to control discovery and enforce its orders).

Against this legal backdrop, Mr. Stewart's flagrant disregard of this court's order of compulsion, including the undersigned's express warning about the significant repercussions (*i.e.*, the risk of an involuntary dismissal) if he did not meet his deadline of March 6, 2013, means that he has foregone the opportunity to further pursue his action against Defendant. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, <u>especially where the litigant has been forewarned</u>, generally is not an

4

abuse of discretion." (citing *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982))) (emphasis added).

Moreover, Mr. Stewart's pattern of non-compliance with this court's orders (*i.e.*, the uniform initial order as well as the compulsion order) makes it extremely doubtful that he would respond in any meaningful way to some lesser sanction. *Cf. Phipps*, 8 F.3d at 790-91 ("When the record clearly demonstrates that a plaintiff deliberately and defiantly refused to comply with several court orders on discovery and tells the court that he will not comply in the future, a district judge has the authority to deny that plaintiff further access to the court to pursue the case."). Accordingly, this case is due to be dismissed with prejudice based upon Mr. Stewart's failure to comply with multiple orders, to honor his discovery obligations, and to prosecute his case in conformance with the Federal Rules of Civil Procedure and the local requirements of this court. *Cf. Moon*, 863 F.2d at 837 ("Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure.").

### III.   CONCLUSION

In sum, Defendant's Motion is due to be granted, and Mr. Stewart's case is due to be dismissed with prejudice. The court will enter a separate final judgment order consistent with this memorandum opinion.

**DONE** and **ORDERED** this 12th day of March, 2013.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge